IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| SOUND OF LIFE MEDIA LLC, a North Carolina limited liability company<br><br>   *Petitioner,*<br><br>vs.<br><br>ALMA McCARTY, an individual resident of Oregon,<br><br>   *Respondent.* | CIVIL CASE NO.<br><br><br>**VERIFIED PETITION TO COMPEL ARBITRATION AND FOR RELATED RELIEF** |

Petitioner Sound of Life Media LLC ("SOLM" or "Petitioner"), by and through its counsel, petitions this Court pursuant to Section 4 of the Federal Arbitration Act (9 U.S.C. § 4) to compel Respondent Alma McCarty ("Respondent") to arbitrate all disputes arising from the parties' Agreement under Paragraph 10 and to enter related relief. In support, SOLM states:

### PARTIES, AGREEMENT, AND JURISDICTION

1. SOLM is a North Carolina limited liability company with its principal place of business in Asheville, North Carolina.

2. Respondent is an individual and a citizen and resident of Oregon.

1

3. The parties entered into a written Agreement and Understanding signed December 17, 2018 (attached as Exhibit A). Paragraph 10 (page 3) requires arbitration before an American Arbitration Association ("AAA") arbitrator "in Asheville, North Carolina" under AAA Commercial Dispute Resolution Procedures. (Ex. A, ¶ 10.)

4. Paragraph 10 also provides for an award of the prevailing party's costs and attorney's fees, including pre-award arbitration expenses. (Ex. A, ¶ 10.)

5. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a). As set forth in the Declaration of Ben C. Scales, Jr., submitted herewith as Exhibit D, the amount in controversy exceeds $75,000 exclusive of interest and costs based on (a) SOLM's accrued contractual damages ($10,854.14), (b) attorneys' fees and arbitration costs already incurred (in excess of $53,000), (c) SOLM's estimate that remaining arbitration and enforcement costs will exceed $14,000, and (d) the Agreement's mandatory prevailing-party fee provision. Together these elements place the amount in controversy over $75,000.

6. Under 9 U.S.C. § 4, a party aggrieved by another's refusal to arbitrate may petition a federal district court "in the district in which the agreement provides for arbitration." Because the Agreement mandates arbitration in Asheville, North Carolina, the Western District of North Carolina (Asheville Division) is the only

2

federal district court with statutory authority to grant the specific relief of compelling arbitration in Asheville.

**FACTUAL ALLEGATIONS, AAA PROCEEDINGS, AND RESPONDENT'S BREACHES**

7. SOLM performed its contractual obligations under the Agreement.

8. Respondent breached the Agreement by ceasing to make required commission payments in September 2024. The accrued unpaid commissions due to SOLM as of the date of this petition are $10,854.14.

9. On December 3, 2025, Respondent filed a civil action in Oregon styled McCarty v. Sound of Life Media LLC, Case No. 25CV63770, seeking declaratory relief that the provision of the parties' contract establishing venue for arbitration in Asheville, North Carolina, is invalid.

10. Pursuant to Paragraph 10, SOLM initiated arbitration with the American Arbitration Association on February 2, 2026. The AAA assigned case number 01-26-0000-5277 and SOLM requested arbitration in Asheville, North Carolina consistent with the Agreement. A copy of the AAA filing confirmation and assignment letter is attached hereto as Exhibit B.

11. The Arbitrator issued an Order on June 1, 2026 denying Respondent's Motion to Stay and Motion to Dismiss (rejecting Respondent's challenges to the arbitration clause and venue); a true and correct copy of that Order is attached as Exhibit F and is incorporated herein by reference.

12. The parties began discovery in the AAA arbitration. A final merits hearing in the arbitration was scheduled for August 11, 2026.

13. Despite the arbitrator's rulings and the pending AAA arbitration, Respondent has continued to prosecute the Oregon action and has obtained from the Oregon court an ex parte temporary restraining order ("TRO") that restrains and enjoins SOLM from prosecuting or proceeding with AAA Case No. 01-26-0000-5277, including the merits hearing scheduled for August 11, 2026, until the Oregon court decides Respondent's motion for preliminary injunction or further order. A true and correct copy of that ex parte TRO is attached as Exhibit E and is incorporated herein by reference.

14. As of the date of this petition, SOLM's attorneys' fees and costs incurred in connection with the arbitration and related proceedings exceed $53,000. SOLM reasonably estimates that costs to conclude arbitration and to enforce any award (including additional attorneys' fees, arbitration fees, and enforcement expenses) will exceed $14,000.

15. Attorneys' fees are to be considered when determining the jurisdictional amount when a plaintiff is entitled to recover them under a contract or statute. Francis v. Allstate Ins. Co., 709 F.3d 362, 368 (4th Cir. 2013); *see also* Saval v. BL Ltd., 710 F.2d 1027, 1033 (4th Cir. 1983) ("[C]ontractual provisions transformed attorneys fees into substantive rights to which the litigants were

4

entitled." (footnote omitted)); <u>BorgWarner Thermal Sys. v. Centurion Capital Invs.</u>, No. 1:22-cv-00223-MR-WCM, slip op. at 12 (W.D.N.C. – Asheville Division Aug. 7, 2023).

16. Respondent's prosecution of the Oregon action and procurement of the TRO violate the Agreement's arbitration and venue provisions and interfere with the parties' agreed dispute-resolution process.

**CLAIM FOR RELIEF — COMPELLING ARBITRATION (9 U.S.C. § 4)**

17. SOLM realleges and incorporates Paragraphs 1–8 of the FACTUAL ALLEGATIONS and Paragraphs 1–6 of PARTIES, AGREEMENT, AND JURISDICTION.

18. The Agreement is a valid written agreement to arbitrate under the Federal Arbitration Act.

19. The disputes at issue — including the unpaid commissions and any related contractual, statutory, or tort claims — fall within the scope of the Agreement's arbitration clause.

20. Respondent has refused to proceed with arbitration in Asheville as required, and has sought inconsistent relief in Oregon, including obtaining a TRO that bars the AAA arbitration from proceeding to its scheduled hearing.

21. SOLM is entitled to an order under 9 U.S.C. § 4 compelling Respondent to arbitrate all disputes in accordance with Paragraph 10 and the AAA

Commercial Dispute Resolution Procedures, including arbitration currently pending as AAA Case No. 01-26-0000-5277.

## PRAYER FOR RELIEF

WHEREFORE, SOLM respectfully requests that the Court enter judgment:

A.      Compelling Respondent to arbitrate all claims arising out of or relating to the Agreement before an AAA-approved arbitrator in Asheville, North Carolina in accordance with the Agreement and the AAA Commercial Dispute Resolution Procedures, including the arbitration pending as AAA Case No. 01-26-0000-5277;

B.      Declaring the Agreement's arbitration clause valid, enforceable, and applicable to the disputes at issue, including enforcement of the arbitrator's prior rulings upholding the arbitration clause and venue provision (Exhibit F);

C.      Granting appropriate relief to prevent further interference with the AAA arbitration, including (i) a declaration that Respondent's Oregon action is inconsistent with the Agreement and (ii) injunctive relief directing Respondent to dismiss, stay, or otherwise not prosecute the Oregon action with respect to matters subject to arbitration or, alternatively, to stay the Oregon action while arbitration proceeds; and/or any other relief necessary to allow the arbitration to proceed, including relief addressing the Oregon TRO to the extent the Court deems appropriate;

6

D.      Awarding SOLM its attorneys' fees and costs incurred to date and as incurred in enforcing the Agreement and arbitration — including fees and costs incurred in the AAA arbitration (already in excess of $53,000) and anticipated fees and costs (estimated to exceed $14,000) — pursuant to the Agreement's prevailing-party fee provision and any applicable law;

E.      Granting any other relief the Court deems just and proper.

Respectfully submitted,

This the 11th day of July, 2026.

Ben C. Scales, Jr.
s/Ben C. Scales, Jr.
NC Bar # 34873
Attorney for Petitioner
P.O. Box 7382
Asheville, NC 28802
Phone: 863-529-8312
Email:  ben_scales@yahoo.com

7

# VERIFICATION

I, John Kirtley, being first duly sworn under penalty of perjury, state that I am Owner of Sound of Life Media LLC; that I have read the foregoing Verified Petition to Compel Arbitration and believe the factual allegations are true and correct to the best of my knowledge, information, and belief; and that this verification is given pursuant to 28 U.S.C. § 1746.

Dated: July 7, 2026

Buncombe County, North Carolina

*John Kirtley*

John Kirtley
Owner, Sound of Life Media LLC

Buncombe, NC
Sworn to and subscribed before me this the 7th day of July, 20 26.

NOTARY PUBLIC

My commission expires: 10/16/27

Anna Schlobohm
Notary Public
Henderson County, NC
My commission Expires: 10/16/2027

7

## <u>CERTIFICATION</u>

The undersigned hereby certifies:

1.      No artificial intelligence was employed in doing the research for the preparation of this document, except for such artificial intelligence embedded in the legal research platforms used to research this filing;

2.      Every statement and every citation to an authority contained in this document has been checked by the undersigned as to the accuracy of the proposition for which it is offered, and the citation of the authority provided.

This, the 11th day of July, 2026.

<u>Ben C. Scales, Jr.</u>
s/Ben C. Scales, Jr.

**EXHIBITS**

Exhibit A — Agreement and Understanding between Sound of Life Media LLC and Alma McCarty (signed Dec. 17, 2018) — arbitration clause at ¶ 10 (page 3).

Exhibit B — AAA filing confirmation and assignment letter for AAA Case No. 01-26-0000-5277 (dated Feb. 2, 2026).

Exhibit C — Statement of accrued unpaid commissions through petition date ($10,854.14) and supporting accounting.

Exhibit D — Declaration/statement of attorneys' fees and costs incurred to date (in excess of $53,000) and estimate of remaining arbitration/enforcement costs (estimated to exceed $14,000).

Exhibit E — Copy of Oregon court temporary restraining order restraining SOLM from prosecuting AAA Case No. 01-26-0000-5277.

Exhibit F — Arbitrator's June 1, 2026 Order denying Respondent's Motion to Stay and Motion to Dismiss (rejecting Respondent's challenges to the arbitration clause and venue).

Exhibit G — Proposed Order Granting Verified Petition to Compel Arbitration.